IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

```
                              *
RAMAR MOVING SYSTEMS, INC.,
                              *
      Plaintiff,
v.                            *    CIVIL NO.: WDQ-05-657

ESCRUB SYSTEMS, INC.,         *
et al.,
                              *
      Defendants.
                              *

*   *   *   *   *   *   *   *   *   *   *   *   *

ESCRUB SYSTEMS, INC.,         *
et al.,
                              *
      Plaintiffs,
v.                            *    CIVIL NO.: WDQ-05-659

RAMAR MOVING SYSTEMS, INC.,   *

      Defendant.              *

*   *   *   *   *   *   *   *   *   *   *   *   *
```

MEMORANDUM OPINION AND ORDER

Ramar Moving Systems, Inc. ("the carrier") has sued eScrub Systems, Inc. and Ralph Genuario (collectively, "the shipper") for breach of contract.  The shipper filed a Counterclaim alleging breach of contract, conversion, assault, and tortious interference with contractual relations.  The shipper also filed a Complaint, alleging the same four claims.  Pending are the carrier's motions to dismiss the shipper's breach of contract, conversion, and tortious interference

1

claims from the Counterclaim and Complaint.  For the reasons discussed below, these cases will be consolidated, and the motion to dismiss the shipper's Counterclaim will be granted in part and denied in part.

BACKGROUND

In October 2003, the shipper hired the carrier to pack and transport inventory, goods, and supplies from Alexandria, Virginia to Bordentown, New Jersey and Albuquerque, New Mexico.  Compl. at ¶ 8; Countercl. at ¶ 2.  From November 11 - 15, 2003, the carrier packed and removed the shipper's goods, including a sensitive piece of machinery called a Saturable Reactor Modulator.  Countercl. at ¶¶ 4-5.

The carrier claims that it delivered all of the shipper's goods, and the shipper breached the delivery contract by failing to pay its shipping fees.  Compl. at ¶ 14.  The shipper counters that the carrier failed to deliver several items, including the Saturable Reactor Modulator, and diverted them to an undisclosed storage location.  Countercl. at ¶ 8. Although the shipper demanded the return of the goods, the carrier kept them and threatened to sell them at a public auction.  *Id.* at ¶¶ 14,17.

The shipper alleges that although the carrier failed to deliver the Saturable Reactor Modulator, it sent invoices for

2

the delivery of the machine to the shipper, and to North Star Research Corporation ("NSRC"). *Id.* at ¶¶ 11, 13. The shipper had entered into a licensing agreement with NSRC, by which NSRC would use the Saturable Reactor Modulator to design, manufacture, and sell associated products, and the shipper would receive technology transfer fees and license fees. *Id.* at ¶ 9. The shipper asserts that the carrier's refusal to deliver the machine, combined with its attempts to collect delivery fees from NSRC, caused NSRC to terminate its contractual relationship with the shipper. *Id.* at ¶ 14.

ANALYSIS

A.   Consolidation

The Court may consolidate actions involving a common question of law or fact to avoid unnecessary costs or delay. FED. R. CIV. P. 42(a). District courts have inherent authority to order consolidation *sua sponte*. *Plimpton v. Henline*, 141 F. Supp. 2d 573, 575 (W.D.N.C. 2001) (*citing Pickle v. CharLee Seafood, Inc.*, 174 F.3d 444 (4th Cir. 1999)). Because case numbers WDQ-05-657 and WDQ-05-659 involve common questions of law and fact, the Court will consolidate the suits.

B.   Motion to Dismiss Counterclaim

Under Federal Rule of Civil Procedure 12(b)(6), dismissal of a complaint for failure to state a claim is not appropriate

3

"unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The function of Rule 12(b)(6) is to test the legal sufficiency of the complaint, not the facts that support it. *Dist. 28, United Mine Workers of Am., Inc. v. Wellmore Coal Co.*, 609 F.2d 1083, 1086 (4th Cir. 1979). Thus, a complaint may be dismissed as a matter of law only "if it lacks a cognizable legal theory, or it alleges insufficient facts under a cognizable legal theory." *Mates v. N. Am. Vaccine, Inc.*, 53 F. Supp. 2d 814, 822 (D. Md. 1999). In determining whether to dismiss a complaint, the court must accept the well-pled material allegations as true, viewing the facts and the reasonable inferences drawn therefrom in the light most favorable to the plaintiff. *Chisolm v. TranSouth Fin. Corp.*, 95 F.3d 331, 334 (4th Cir. 1996). The court, however, is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

The carrier argues that Counts I, II, and IV of the Counterclaim, alleging breach of contract, conversion, and tortious interference with contractual relations, should be dismissed as preempted by the Carmack Amendment to the

4

Interstate Commerce Act.[1]

   1.   Breach of Contract

   The shipper concedes that Count I of the Counterclaim, alleging breach of contract, is preempted and seek leave of the Court to amend the Counterclaim to allege a violation of the Carmack Amendment.

   Federal Rule of Civil Procedure 15(a) provides that "leave [to amend] shall be freely given when justice so requires."  The court should grant leave to amend "absent bad faith, undue prejudice to the opposing party, or futility of amendment."  *United States v. Pittman*, 209 F.3d 314, 317 (4th Cir. 2000).

   The carrier asserts that the shipper's proposed amendment would be futile, thus leave to amend should be denied.  To state a claim under the Carmack Amendment, a plaintiff must allege: (1) delivery of the goods to the initial carrier in good condition; (2) damage to the goods before delivery to their final destination, or failure to deliver the goods; and (3) the damages can be specified.  *Pharma Bio, Inc. v. TNT Holland Motor Express, Inc.*, 102 F.3d 914, 916 (7th Cir. 1996); *Missouri Pacific R.R. Co. v. Elmore & Stahl*, 377 U.S.

---

   [1]*See* 49 U.S.C. § 14706 (2005).

134, 138 (1964).  The shipper has alleged that the carrier
signed bills of lading, some of the transported goods were
never delivered, and the shipper incurred two million dollars
in damages.  The shipper's allegations are sufficient to state
a claim under the Carmack Amendment, thus the shipper's
request for leave to amend Count I will be granted, and the
carrier's motion to dismiss Count I will be denied.  *See*
*Johnson & Johnson v. Chief Freight Lines Co.*, 679 F.2d 421,
422 (5th Cir. 1982) (execution of bill of lading may indicate
that goods were delivered to shipper in good order).[2]

2.   Conversion and Intentional Interference with
Contractual Relations

The shipper argues that claims for conversion and
tortious interference with contractual relations are
intentional torts, which are not preempted by the Carmack
Amendment.

The Carmack Amendment creates a uniform rule for carrier
liability when goods are shipped through interstate commerce.
*Shao v. Link Cargo (Taiwan) Ltd.*, 986 F.2d 700, 704 (4th Cir.

---

[2]The carrier moved to dismiss the shipper's claim for
attorneys' fees.  As the shipper has alleged a Carmack
Amendment claim, and attorneys' fees are recoverable under the
Carmack Amendment, the carrier's motion to dismiss the claim
for attorneys' fees will be denied.  *See* 49 U.S.C. § 14704(e).

1993).  To encourage uniformity, the Carmack Amendment preempts state law claims arising from failures in the transportation and delivery of goods.  *Smith v. United Parcel Serv.*, 296 F.3d 1244, 1246 (11th Cir. 2002) (*citing Adams Express Co. v. Croninger*, 226 U.S. 491, 505-06 (1913)).  Carmack Amendment preemption "embraces 'all losses resulting from any failure to discharge a carrier's duty as to any part of the agreed transportation.'" *Id.* at 1247 (*quoting Georgia, Fla. & Ala. Ry. Co. v. Blish Milling Co.*, 241 U.S. 190, 196 (1916)).  Only claims based on conduct "separate and distinct from the delivery, loss of, or damage to goods escape preemption." *Id.* at 1248-49 (*citing Morris v. Covan Worldwide Moving, Inc.*, 144 F.3d 377, 383 (5th Cir. 1998)).

The shipper's conversion claim alleges that "[b]y storing, rather than delivering, [its] inventory, goods and supplies, the carrier is wrongfully exerting ownership or dominion over [its] personal property."  Countercl. at ¶ 25. The claim of tortious interference alleges that the carrier "intentionally failed to deliver [the shipper's] goods." *Id.* at ¶ 31.  As both of these allegations are based upon the carrier's failure to deliver the shipper's goods, they are

preempted by the Carmack Amendment and will be dismissed.[3]

CONCLUSION

For the reasons discussed above, civil action numbers WDQ-05-657 and WDQ-05-659 will be consolidated, the carrier's motion to dismiss will be granted in part and denied in part, and the shipper's request to amend Count I of the Counterclaim will be granted.

<u> June 28, 2005 </u>
Date

<u>      /s/      </u>
William D. Quarles, Jr.
United States District Judge

---

[3]The carrier also moved to dismiss the shipper's claims for punitive damages with respect to the conversion and tortious interference claims.  Because these claims are preempted by the Carmack Amendment, the motion to dismiss the claims for punitive damages will be granted.